## Case No. 12,680a.

### SEVIER v. HOLLIDAY.

[Hempst. 160.] [1]

Superior Court, Territory of Arkansas. July, 1831.

BAILMENT—POSSESSION—ATTORNEY AND CLIENT—NEGLIGENCE.

1. On a receipt given by an attorney at law to A. B., for a note in favor of C. D., the legal interest is vested in the latter and he must sue; and A. B. cannot maintain suit against the attorney.

2. Being only a naked bailee, A. B. by voluntarily parting with the possession of the note, divested himself of all right to or interest in it, and could not hold the attorney responsible.

3. As to liability of an attorney for negligence, and for failing to pay over moneys collected, see notes.

Writ of error to the Clark circuit court.

[1] [Reported by Samuel H. Hempstead, Esq.]

Before THOMAS P. ESKRIDGE and JAMES WOODSON BATES, JJ.

ESKRIDGE, J. This is an action of trespass on the case brought by Peter Holliday against Ambrose H. Sevier, in the Clark circuit court, and comes to this court by writ of error. The declaration contains three counts, the first two for negligence in the defendant as an attorney in failing to collect and account for a note placed in his hands for collection by the plaintiff, and a third in trover, for controverting the note so placed in his hands. There was a judgment in favor of the plaintiff for one hundred and sixty-four dollars and four cents, to reverse which the defendant has brought this writ of error.

Several grounds are relied on in argument for reversing the judgment of the circuit court, only two of which will be noticed.

First, it is contended that the action was improperly brought in the name of Peter Holliday, instead of in the name of William English. There was a receipt given in evidence in the court below, signed by A. H. Sevier to Peter Holliday, in the following language: "Received of Peter Holliday, one note of $133, against Joshua J. Henness, drawn in favor of William English, this 14th November, 1825. A. H. Sevier." The circuit court decided that the receipt was evidence conducing to prove a privity of contract between Sevier and Holliday, and admitted the receipt in evidence, to which opinion there was a bill of exceptions filed.

The general doctrine that the action must be brought in the name of the person in whom the legal title resides cannot be controverted. 1 Chit. 3; 1 Saund. 153, note 1; 8 Term R. 332. I cannot perceive how the receipt given by Sevier to Holliday for a note payable to English, can operate as a recognition of title to the note in Holliday. There is nothing in the record of the court below going to show that Holliday had any interest in the note whatever, nor can I perceive how it tends to establish a privity of contract between Sevier and Holliday. The possession of the note by the latter might have established a privity of contract between himself as bearer, and Henness, the maker, but that question it is not necessary to decide. Holliday must be considered as the naked bailee of the note, or as the agent of English, and in either character he cannot recover on the receipt. If Holliday was a naked bailee, and voluntarily parted with the possession of the note to Sevier, he thereby ceased to have any control of it, and divested himself of all right to bring an action. Whilst holding the note as bailee, Holliday had a good title to it against all the world, except English, the rightful owner; but having voluntarily parted with the possession of it, he divested himself of all interest in it. But consider Holliday as the agent of English, and the result is precisely the same. Holliday certainly could

not bring an action in his own name, as was settled in Gunn v. Cantine, 10 Johns. 387, a case strikingly analogous to the one under consideration, in which it was said by the court, that a mere agent or attorney not having any beneficial interest in a contract, cannot maintain an action in his own name.

The second point which I deem it necessary to mention, is the alleged defect in the count in trover, in which it is not stated that Holliday was possessed of the note in controversy, as of his own property. This, by reference to the authorities, will be seen to be a valid objection. 1 Chit. 185. But the first question being decisive of the cause, it is not necessary to inquire whether the defect in the count in trover has been aided by verdict. The two first counts in the declaration are fatally defective in not setting out a title in the plaintiff to the note, and that is not cured by verdict. My opinion is that the judgment of the circuit court ought to be reversed.

NOTE. This case came before the supreme court of Arkansas, and is fully reported in 2 Ark. 512; and the doctrine advanced in the above opinion was sustained, and the judgment reversed. The following is a synopsis of the decision of the supreme court.

1. An attorney is not liable in the discharge of his official duty for claims put into his hands to collect as such attorney, unless it be shown that he has been guilty of culpable negligence in the prosecution of the suit, or that thereby the plaintiff has lost his debts; nor can he be held liable for moneys collected by him as an attorney, unless a demand be made upon him, and he refuses to pay it over, or remit it, according to the instructions of his client.[2]

2. Where there is any defect, imperfection, or omission in any pleading, whether in substance or form, which would have been a fatal objection on demurrer, yet if the issue joined be such as necessarily requires on the trial, proof of the facts so defectively or improperly stated or omitted, and without which it is not to be presumed that either the judge would have directed the jury to give, or the jury would have given a verdict, such defect, imperfection, or omission, is by the common law cured by the verdict. 1 Saund. 228, notes; 1 Term R. 545; 3 Term R. 147; 4 Term R. 472; 7 Term R. 518; 10 Bac. Abr. "Verdict," X, 354.

After verdict, nothing is to be presumed except what is expressly stated in the declaration, or what is necessarily implied from the facts that are stated; that is, where the whole is stated to exist, the existence of the parts is implied; and where the claim is alleged to exist, the existence of the component links will be implied after verdict. But if the plaintiff wholly omits to state a good title or cause of action even by implication, matters which are neither stated nor implied need not be proved at the trial, and there is no room for intendment or presumption, as the intendment must arise from the verdict when considered in connection with the issue upon which it was given. 1 Term R. 141; 4 Term R. 472; 7 Term R. 519; 3 Term R. 481; H. Bl. 569. The cases of presumption are where the plaintiff has stated a case defective in form, not where he has shown a title defective in itself. 4 Term R. 472. If anything essential to the plaintiff's action be not set forth, though the verdict be found for him, he cannot have judgment; because if the essential parts of the declaration be not put in issue, the verdict can have no relation to it, and if it had been put in issue it might have been found false. Therefore, in an action against an attorney for failing to collect a note, a count stating that the plaintiff caused to be delivered, to the defendant, and the defendant received from him a note made by a third person for so many dollars to bring suit on, recover, and collect of that third person for the use and benefit of the plaintiff for certain fee and reward to the defendant in that behalf, is so defective in stating the plaintiff's title to sue, that a verdict on it in favor of the plaintiff will not sustain the judgment. No title to the note in the plaintiff is stated by or implied in any of these allegations, and no facts are stated which could not be proven without at the same time establishing the plaintiff's title to the note or legal right to receive the proceeds; nor is it stated or implied that the note was due when so delivered, nor to whom payable, nor what sum was due upon it. Such a count shows a defective title, and not a title defectively stated, and no proof is admissible under it, which can make it good. Under such a count a receipt given by the defendant, stating that he had received of the plaintiff a note for so many dollars against A. B., in favor of C. D., so far from proving the title to the note to be in the plaintiff, proves it to be in C. D., who is the legal owner, and is held in law to have possession of it. Such a receipt is, therefore, inadmissible in evidence under such a count.

3. A party cannot be allowed to prove more than he has alleged in his declaration, and when he omits to allege a fact essential to his

good faith and justice, to hold the attorney liable before demand and refusal to pay, or remit the money. Sevier v. Holliday, 2 Ark. 570; Palmer v. Ashley, 3 Ark. 82. The legitimate object, however, of a demand is to enable a party to discharge his liability agreeable to the nature of it, without suit. But if an attorney denies the liability, or the right of the other to call upon him, a demand, or directions to remit, it is conceived, would be as unnecessary as useless, and it was so held in Walradt v. Maynard, 3 Barb. 586. And in chancery the rule is, that if the defendant denies the right of the plaintiff, he cannot insist in his defence that there was no demand. Ayer v. Ayer, 16 Pick. 335. The law dispenses with the necessity of a demand where the defendant has committed acts inconsistent with the title of the plaintiff, and conducted himself in such a way as to render a demand wholly unavailing. Beebe v. De Baun, 3 Eng. [8 Ark.] 565; La Place v. Aupoix, 1 Johns. Cas. 407. Where there has been an actual conversion by the defendant, no demand is required. 9 Bac. Abr. "Trover," B, 638.

---

[2] In Sneed v. Hanlyport, it was held, that an attorney was not subject to an action for moneys collected by him, until demand, directions to remit, or some equivalent act; and that the statute commenced running from that point of time. 5 Cow. 376; 7 Wend. 320; 3 Barb. 584. In Cummins v. McLain, 2 Ark. 412, it was decided that an attorney at law cannot be held liable as for money collected by him as attorney, unless it be first proved that by failure to prosecute claims put into his hands for collection with due and proper diligence, the plaintiff lost his debt; or that he had collected the money, and refused to pay it over on demand, or to remit it according to instructions. The liability of the attorney rests upon the principle of his agency for the plaintiff, and he holds the money for his principal in that capacity, and the court said the plaintiff must demand payment or request the money to be remitted before the attorney can be charged with being guilty of laches or culpable negligence; and it was observed that it would be in opposition to the nature of the trust created between the parties, as well as against

action and not involved or implied in the pleadings, or inferable from the verdict, he can offer no proof of such a fact.

A party having no interest in a note cannot be injured by the failure of an attorney to collect it. If his declaration does not show such an interest, or such an interest is not legally implied from its allegations, he cannot prove his interest, nor does he show any right to recover.

4. To entitle a plaintiff to recover in trover two things are necessary to be stated and proved, first, property, either general or special, in the plaintiff, and second, a wrongful conversion. In trover for a note, the omission to state in the declaration that the plaintiff was possessed of the note as of his own property, or that it came to the possession of the defendant, would be fatal on general demurrer, but is probably cured by verdict. But the introduction of such a receipt as is mentioned above, disproves the plaintiff's title to the note, and establishes the interest to be in another, and consequently precluded a recovery.

The opinion of the supreme court was delivered by Dickinson, J., and the case was very elaborately discussed by counsel, as will be seen by reference to it.